﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190812-19357
DATE: April 30, 2020

ORDER

Entitlement to service connection for insomnia, secondary to service-connected back disability, is granted.

FINDING OF FACT

The Veteran’s insomnia, which causes a functional impairment of earning capacity distinct and separate from already service-connected back disabilty, is at least as likely as not proximately due to his service-connected back disability.

CONCLUSION OF LAW

.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from September 2010 to August 2015. 

A March 2018 rating decision denied the issue on appeal. A notice of disagreement was received in November 2018. Thereafter, in a FAX communication received one minute later, also in November 2018, the Veteran opted into the Rapid Appeals Modernization Program (The RO issued an AMA rating decision in March 2019, and the Veteran again filed a supplemental claim in July 2019, leading to another AMA rating decision in July 2019. The Veteran appealed that decision in an August 2019 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement), and chose the option of Direct Review by a Veterans Law Judge wherein it was indicated that he did not want a Board hearing and would not submit any additional evidence in support of the appeal. As such, the Board has considered evidence of record at the time of the July 2019 decision. 

Entitlement to service connection for insomnia, to include as secondary to a service-connected back disability, is granted.

Generally, service connection may be established for disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303 (2018). To establish service connection on a direct incurrence basis, the Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may also be granted for disability that is proximately due to or aggravated by service-connected disease or injury. 38 C.F.R. § 3.310. See also Allen v. Brown, 7 Vet. App. 439, 448 (1995).

The Veteran does not assert, and the record does not demonstrate that his insomnia was incurred in service. As such, service connection is not warranted on a direct-incurrence basis. Rather, the Veteran contends that he has insomnia or a sleep disturbance that is caused by his service-connected back disability. The AOJ has found that while the Veteran has insomnia (claimed as sleep disturbances) that is related to the service-connected lumbosacral DDD with thoracic dextrokyphoscoliosis, DDD and DJD (also diagnosed as overlap syndrome sjorgren's connective tissue disease), the insomnia/sleep disturbance was a symptom of the service connected disability and not a primary disabling condition warranting separate service connection. 

The Board notes that the AOJ’s favorable finding linking the Veteran’s insomnia to the service-connected back disability is supported and strengthened by a July 2019 VA medical opinion stating that it is at least as likely as not that the Veteran’s insomnia is proximately due to or the result of the Veteran’s back disability. The examiner stated that pain issues are causing poor sleep and fatigue, and there was no evidence of any other factors that would be causing insomnia. 

The question in this case, however, is whether insomnia manifests merely as a symptom, or as a disability that may be separately compensated. The Board notes that in Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018) the Court found that symptoms related to a specific body system must functionally impair the Veteran to constitute a disability. Here, the record shows a February 2015 VA sleep apnea examination which shows a report of persistent daytime hypersomnolence as part of a diagnosis of insomnia. Further, a July 2019 VA psychiatric examiner found a diagnosis of insomnia, and indicated that the Veteran’s diagnosis caused an occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks. As such, the Board finds that the Veteran’s insomnia is productive of a functional impairment of earning capacity separate and distinct from that contemplated by the rating for the service-connected low back disability under 38 C.F.R. § 4.71a, Diagnostic Code 5237. Thus, the Veteran’s insomnia is a disability which may be separately service connected. Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018). The Board finds that the Veteran’s insomnia is not contemplated by the current diagnostic code rating criteria for his service-connected back disability as the rating under diagnostic code 5237 mainly reflects the functional impairment caused by limited motion or painful motion, not a sleep disturbance. The record reflects that the Veteran’s insomnia, which causes a functional impairment of earning capacity, is at least as likely as not proximately due to his service-connected back disability. Entitlement to separate service-connection for insomnia, as secondary to the Veteran’s service-connected back disability, is granted.

 

 

U. R. POWELL

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Baker, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.